## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES D. BERRY,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0432-18-0523-I-1

DATE: May 17, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Chalmers C. Johnson</u>, Esquire, Port Orchard, Washington, for the appellant.

<u>Christina T. Fuentes</u>, Esquire, <u>Sandra Lizeth Schoepfle</u>, Esquire, and <u>Alison Gray</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action based on unacceptable performance. For the reasons discussed below, we GRANT the petition for review. We MODIFY the initial decision to apply the appropriate legal standards to the appellant's affirmative defense of retaliation for engaging in prior equal employment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

opportunity (EEO) activity, and REMAND the appeal to the Western Regional Office for further adjudication consistent with this Remand Order and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

The appellant was employed as a GS-07 Human Resources Assistant at the agency's Office of Civilian Human Resources in Silverdale, Washington. Initial Appeal File (IAF), Tab 5 at 24. On December 18, 2017, the agency issued him a Notice of Unacceptable Performance, which identified his deficiencies in the critical elements of Personnel Action Processing[2] and Technical Proficiency, and the agency placed him on a 60-day performance improvement plan (PIP) from December 18, 2017, to February 23, 2018. IAF, Tab 6 at 4-7. The agency proposed his removal under 5 U.S.C. chapter 43 based on a charge of failure to demonstrate an acceptable level of performance in the critical element of Personnel Action Processing during his recent PIP. IAF, Tab 5 at 28-31. After considering his written response, the agency removed him from his position, effective April 25, 2018. *Id*. at 25-27.

The appellant filed an appeal with the Board challenging his removal and raising the affirmative defense of retaliation for prior EEO activity. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision that affirmed the agency's action, finding that the agency proved the merits of its action by substantial evidence and the appellant did not prove his affirmative defense of retaliation for prior EEO activity. IAF, Tab 22, Hearing Compact Disc (HCD), Tab 26, Initial Decision (ID) at 7-30. He noted that the Board was without the authority to mitigate a performance-based removal under chapter 43. ID at 30.

The appellant has filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 9.

---

[2] This critical element was also referred to as Processing Personnel Actions. IAF, Tab 26 at 3 n.2.

## DISCUSSION OF ARGUMENTS ON REVIEW

**The administrative judge properly found that the agency met its burden of proof for a performance-based removal under 5 U.S.C. chapter 43 under the law when the initial decision was issued.**

In a performance-based action under chapter 43, under the law when the initial decision was issued, an agency was required to establish by substantial evidence[4] that: (1) the Office of Personnel Management (OPM) approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid; (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *Lee v. Environmental Protection Agency,* 115 M.S.P.R. 533, ¶ 5 (2010).

On review, the appellant only contests the administrative judge's findings regarding the first element.[5] PFR File, Tab 6 at 3-6. In particular, he asserts that (1) he did not stipulate to the first element, (2) the agency did not meet its burden of proof because it failed to produce any evidence as to the first element, and (3) he raised a "cogent and specific challenge on the issue of whether the rating system complied with OPM requirements" when he argued that "the PIP lacked any objective criteria for evaluating his performance and was so completely subjective that he had no idea how to 'pass' it." *Id.* at 3-5 (citing ID at 11).

---

[3] The appellant subsequently filed a "corrected" petition for review, PFR File, Tab 6, which included minor changes to the footer and the date of the pleading. Because it does not appear that there are any substantive changes to the petition for review, we herein refer to the petition for review submission as PFR File, Tab 6.

[4] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

[5] We affirm the administrative judge's findings regarding what were, prior to *Santos,* the remaining elements of a chapter 43 action.

Ordinarily, the Board will presume that OPM has approved the agency's performance appraisal system; however, if an appellant has alleged that there is reason to believe that OPM did not approve the agency's performance appraisal system or made significant changes to a previously approved system, the Board may require the agency to submit evidence of such approval. *Lee*, 115 M.S.P.R. 533, ¶ 5; *Daigle v. Department of Veterans Affairs*, 84 M.S.P.R. 625, ¶ 12 (1999). We agree with the administrative judge that, under these circumstances, the appellant did not challenge OPM's approval of the agency's performance appraisal system or allege that the agency made significant changes to a previously approved system. Therefore, it is appropriate to apply the presumption that OPM has approved the agency's performance appraisal system. ID at 8.

The appellant's characterization of his refusal to stipulate to the first element and his disagreement with the PIP criteria do not constitute a specific challenge to the issue of whether OPM approved the agency's performance appraisal system or whether the agency significantly changed a previously approved system and are insufficient to rebut the presumption of OPM approval. ID at 8, 11; IAF, Tab 21 at 4. His allegation that the agency did not produce any evidence of OPM approval is likewise unavailing. The burden was on the agency to produce evidence of OPM approval if the appellant raised a specific challenge. *Daigle*, 84 M.S.P.R. 625, ¶ 12. The appellant did not raise such a challenge until his petition for review, which prompted the agency to produce a copy of OPM's January 31, 1996 approval of its performance appraisal system. PFR File, Tab 9 at 22. We will consider this evidence on review. *See Daigle*, 84 M.S.P.R. 625, ¶ 9 (explaining that the Board will consider evidence of OPM approval of the performance appraisal system on review when the agency was not placed on timely notice that it would be a dispositive issue in the appeal). There is no indication in the record that the agency made significant changes to the

previously approved system. We therefore affirm the administrative judge's conclusion that the agency proved the first element by substantial evidence.

In asserting that the PIP lacked objective criteria, the appellant conflates the validity of his performance standards (element 3) with OPM's approval of the agency's performance appraisal system (element 1). The administrative judge addressed this claim in evaluating the third element, and determined that the agency proved by substantial evidence that the performance standards in the critical element of Personnel Action Processing were valid. ID at 9-13.

As set forth in the initial decision, 5 U.S.C. chapter 43 requires that performance standards, to the maximum extent feasible, permit the accurate evaluation of performance on the basis of objective criteria. ID at 9; *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 21 (2013). Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Towne*, 120 M.S.P.R. 239, ¶ 21. Performance standards should be specific enough to provide an employee with a firm benchmark toward which to aim his performance and must be sufficiently precise so as to invoke general consensus as to their meaning and content. *Id.* Even when performance standards are vague on their face, the agency may cure the defect by fleshing out the standards thorough additional oral or written communication. *Id.*, ¶ 23.

The initial decision contains a thorough analysis of this element. ID at 9-13. The administrative judge found that "both the performance plan and the PIP, when viewed holistically, provided clear, objective guidance" not only from the outset of the appraisal period but also throughout the entire PIP. ID at 11-12. In so finding, he explained that the performance plan set forth the standards for the critical element of Personnel Action Processing, the agency attached quality review worksheets to the appellant's assignments which identified his errors and provided guidance for accurate processing of personnel actions, the PIP notice gave him additional guidance, and the appellant's supervisor discussed with him the pay impacting errors he made during the appraisal period and the actions he

needed to take to demonstrate acceptable performance. ID at 10-13; *e.g.*, IAF, Tabs 6-7, 12. The administrative judge noted that the fact that a performance standard may call for a certain amount of subjective judgment on the part of the employee's supervisor does not automatically invalidate it, he found that the standards were reasonable, realistic, attainable, and clearly stated in writing, and he concluded that the agency proved by substantial evidence that the performance standards were valid. ID at 12. We discern no basis to disturb the administrative judge's finding regarding the validity of the appellant's performance standards under 5 U.S.C. § 4302(c)(1). ID at 12-13. Thus, we affirm the administrative judge's determination that the agency proved by substantial evidence that the appellant's performance was unacceptable. ID at 7-21. As discussed below, however, we must remand this appeal in light of *Santos*.

We modify the initial decision to supplement the administrative judge's analysis of the appellant's claim of retaliation for engaging in prior EEO activity, still finding that the appellant did not prove this claim.

On review, the appellant does not challenge the administrative judge's finding that he did not prove his claim of retaliation for prior EEO activity. ID at 21-30. The record reflects that the appellant filed an EEO complaint in which he alleged that, in a series of incidents from March 13 to May 17, 2017, his former first-line supervisor and his second-line supervisor discriminated against him on the basis of disability (mental) and subjected him to a hostile work environment for contacting an agency EEO official about a reasonable accommodation request, and his new first-line supervisor retaliated against him for filing an EEO complaint when he proposed his removal on March 19, 2018. IAF, Tab 5 at 13-23, Tab 8 at 88-95.

In addressing the appellant's affirmative defense, the administrative judge applied an obsolete burden-shifting framework applicable to Title VII affirmative defenses inconsistent with the Board's decision in *Pridgen v. Office of*

*Management and Budget*, 2022 MSPB 31, which was issued after the initial decision in this case. ID at 21-30. In *Pridgen*, 2022 MSPB 31, ¶¶ 21 n.4, 46, the Board held that claims of retaliation under the Americans with Disabilities Act (ADA) are to be analyzed under the "but-for" causation standard, in which the burden of persuasion always remains with the appellant. The Board stated that it applies standards under the ADA, as amended by the Americans with Disabilities Act Amendments Act of 2008, to determine whether there has been a violation of the Rehabilitation Act, which protects both requesting a reasonable accommodation and opposing disability discrimination—the protected activity at issue in the appellant's affirmative defense. *Id.*, ¶¶ 35, 44.

Nevertheless, because the administrative judge correctly determined, without engaging in any discernable burden shifting, that the appellant did not prove that his EEO activity was a motivating factor in his removal, ID at 29, we conclude that the appellant would not be able to satisfy the more stringent "but-for" standard in *Pridgen*. The administrative judge found that the agency effected the appellant's removal, not due to retaliatory animus, but because the appellant did not demonstrate acceptable performance in the critical element of Personnel Action Processing during his PIP. ID at 26-28. In so finding, he noted that the appellant did not dispute the performance deficiencies with which he was charged; rather, he disagreed with the manner in which the PIP was administered and the magnitude of his performance deficiencies. ID at 27. The administrative judge did not accord much weight to the appellant's assertions regarding the motivation of agency officials in taking this action, finding that his testimony in that regard was speculative, conclusory, unsupported, and implausible. ID at 25-28, 27 n.11. He observed that the proposing and deciding officials were aware that he filed an EEO complaint but he found that they credibly denied retaliatory intent. ID at 27-28. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a

hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not made such a showing.

Remand is required in light of *Santos*.

Though the appellant has identified no basis for us to disturb the initial decision, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See id.* (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the analysis of the appellant's affirmative defense, the

administrative judge should address such argument or evidence in the remand initial decision. *See* *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.